**Dated: July 26, 2006**
**The following is ORDERED:**



*Tom R. Cornish*
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

**HARVEY RAYMOND MULLINGS**　　　　　　Case No. 06-80164
**PHYLLIS KAY MULLINGS**　　　　　　　　　　Chapter 13

　　　　　　　　Debtors.

**O R D E R**

On the 15th day of June, 2006, the Application for Payment of Fees, filed by Teddy Abbott, and Objection to Application for Payment of Fees, filed by the Trustee, came on for evidentiary hearing. Appearances were entered by Teddy Abbott, Attorney for Debtors, and William M. Bonney, Chapter 13 Trustee. After review, this Court does hereby enter the following findings and conclusions in conformity with Rule 7052, Fed. R. Bankr. P., in this core proceeding.

The request is for the Court to revisit and reconsider its prior Order of November 20, 2003, wherein this Court set a presumptive, or "no-look," fee in Chapter 13 cases in this district in the amount of $2,000.00 in wage earner cases and $2,500.00 in cases where debtors are self-employed or own a

EOD 7/26/06 by cc

small business. *In re Walden,* Case No. 03-73031 & *In re Bowman*, Case No. 03-72812. The standing Chapter 13 Trustee of this district, Mr. William Mark Bonney, introduced exhibits and the Court considered the exhibits introduced by Mr. Abbott. The Court proceeded to hear the sworn testimony of Mr. Abbott, Mr. Greggory Colpitts, Mr. Jeff Herrick and Mr. Jimmy Veith. All the witnesses have practiced before this Court in Chapter 13 cases for many years. The Court listened to procedures and fees charged in the Northern District of Oklahoma and the fees as set by Judge Dana L. Rasure and Judge Terrence L. Michael. The testimony of the four experienced counsel and the detailed time records Mr. Abbott and Mr. Colpitts have submitted from many Chapter 13 cases filed since October 17, 2005, by a preponderance of the evidence, fully support a substantial increase in attorney fees.

In light of the years that have passed since this Court visited this issue, and the inflationary factors and cost of living since that time, the Court now finds it imperative that another look is taken at Chapter 13 attorney fees. Additionally, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") law which went into effect in October, 2005, provides an important reason for revisiting fees. What was touted by Congress as much-needed bankruptcy reform appears to have fallen short of its lofty goals. This was a comprehensive revamping of the bankruptcy law which was principally supported and financed by credit card companies and banking institutions, with the objectives of cleaning up a bankruptcy system that had run afoul and eliminating fraud and the ability of unscrupulous people to receive benefits from the bankruptcy system. This Court's observation is that these goals and objectives have not been met. To the contrary, in this District, many debtors' lawyers have ceased practicing bankruptcy law and many debtors are filing and appearing before this Court *pro se*. Because of the many pitfalls and loopholes and additional requirements of the new law, many of these *pro se* debtors have not been able to keep their

2

cases viable in bankruptcy in order to obtain a discharge. To the contrary, whether it was intended or not, the effect of BAPCPA is to limit access to the courts for those that need bankruptcy relief the most.

Bankruptcy attorneys face many new requirements under BAPCPA that have a significant impact on the time spent on routine bankruptcy cases. Additional time is spent in reviewing the case, preparing additional forms, reviewing bank statements and other financial statements, verifying information provided by debtors, and preparing plans.

Section 330 of the Bankruptcy Code provides in part:

> (3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, extent, and the value of such services, taking into account all relevant factors, including -
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.
> ***
> (4)(B) In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(3) & 4(B). This Court typically uses the lodestar method when considering fee applications, which involves multiplying the reasonable number of hours spent on a case by a reasonable

3

hourly fee.  "After calculating the fee according to the lodestar method, the court may consider other factors to adjust the fee upward or downward.  These factors are set forth in Section 330 of the Bankruptcy Code and in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974)..."  *In re Howell,* 226 B.R. 279, 281 (Bankr. M.D. Fla. 1998).  The *Johnson* factors are as follows: (1) time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship of the client; and (12) awards in similar cases.  *Johnson,* 488 F.2d at 717-19.  *See also, In re Commercial Financial Services, Inc.,* 427 F.3d 804, 811 (10th Cir. 2005).

In certain circumstances, the lodestar method need not be used.  "Routine Chapter 13 cases are not appropriate cases for the use of the lodestar method.  Instead, they are much more susceptible to a standard rate or flat, fixed rate approach, based upon all the relevant legal factors."  *Howell,* 226 B.R. at 281.  This Court finds that an increase in the presumptive fee allowed in Chapter 13 cases in this District is appropriate at this time.

Effective August 15, 2006, in all cases filed or converted to a case under Chapter 13 of the Bankruptcy Code, the presumptive attorney fee shall be $3,750.00 in individual and small business cases.  This will not eliminate the necessity of attorneys to continue to keep contemporaneous time records that identify the work performed.  In some situations the Court will still consider reduction or disgorgement of fees when the professional work does not meet the high standards set by this Court.  Upon proper

4

application, the Court may consider enhancement of fees above the presumptive fee.

In the present case, due to the prospective nature of this Order, and absent time records and documentation that would support additional fees, this Court will allow Mr. Abbott the standard $1,500.00 fee in effect at the time this case was filed.

IT IS THEREFORE ORDERED that, **effective August 15, 2006**, in all cases filed on or after that date, the **presumptive fee in all Chapter 13 cases will be $3,750.00.**

IT IS FURTHER ORDERED that Mr. Abbott is awarded compensation in this case in the amount of $1,500.00.

###